PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

FARMERS' LOAN & TRUST CO. v. METROPOLITAN ST. RY. CO. et al.
(two cases).

GUARANTY TRUST CO. OF NEW YORK v. SAME.

(Circuit Court, S. D. New York.   October 6, 1911.)

In Equity. Suit by the Pennsylvania Steel Company and others against the New York City Railway Company and others, by the Farmers' Loan & Trust Company against the Metropolitan Street Railway Company and others, and by the Guaranty Trust Company of New York against the Metropolitan Street Railway Company and others. Memorandum on filing decretal order overruling exceptions to special master's report in "termination of lease" proceeding. See, also, 190 Fed. 609.

J. Parker Kirlin, for appellant Metropolitan St. Ry. Co.

Davies, Auerbach, Cornell & Barry, for appellant Guaranty Trust Co.

Bronson Winthrop and Charles T. Payne, for appellant Farmers' Loan & Trust Co.

Morgan J. O'Brien, Charles E. Rushmore, James Byrne, George N. Hamlin, and Charles M. Travis, for appellees Pennsylvania Steel Co. and contract creditors' committee.

Benjamin S. Catchings, for appellee, tort creditors' committee.

Matthew C. Fleming, for appellee receiver of New York City Ry. Co.

Arthur H. Masten, William M. Coleman, and William M. Chadbourne, for receivers of Metropolitan St. Ry.

LACOMBE, Circuit Judge. The conclusion having been reached by the special master that September 24, 1907, should be taken as the date when charges may be made against Metropolitan Street Railway, he did not examine into the question whether or not the lease was never a valid one, although such a contention was made before him, and evidence bearing on that issue was incorporated in the record. As this court has reached the conclusion that charges of the types considered by the special master could not be made against Metropolitan until, on October 1, 1907, it applied for appointment of receivers, it might logically be said that the court should now consider such issue. It is averse to doing so until the master has first passed upon the question. A full record has been prepared in what is known as the "invalidity of lease proceeding" now before the special master. He can pass upon the question in that proceeding, and exceptions will bring his findings here for review. That proceeding can be expedited so that appeals from decisions of this court in both proceedings can be brought before Court of Appeals for argument at the same time. In that way all questions can be settled before the actual accounting begins.

For these reasons, a clause is inserted in the decretal order saving the question referred to from determination in this proceeding.